## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GLOBAL INTERACTIVE MEDIA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>AT&T SERVICES, INC.<br>and AT&T COMMUNICATIONS, LLC,<br><br>Defendants. | Civil Action No. 20-cv-3125 |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Global Interactive Media, Inc. ("GIM") brings this patent-infringement action against Defendants AT&T Services, Inc. and AT&T Communications, LLC (collectively "AT&T" or "Defendants"), and alleges as follows:

### Parties

1.      GIM is a Belizian corporation having its principal place of business at 84 Albert Street, Belize City, Belize.

2.      Upon information and belief, Defendant AT&T Services, Inc. is a Delaware corporation with a place of business at 175 E. Houston Street, San Antonio, Texas 78205 and with a registered agent for service of process at The Corporation Trust, Inc. 2405 York Road, Suite 201 Lutherville Timonium, Maryland 21093-22646.

3.      Upon information and belief, Defendant AT&T Communications, LLC is a Delaware limited liability company with a principal place of business at 208 South Akard Street, Dallas, Texas 75202 and with a registered agent for service of process at The Corporation Trust Company, 1209 Orange St., Wilmington, Delaware 19801.

4.     At all times relevant to the instant lawsuit, Defendants owned and/or operated an online television programming guide branded as the AT&T U-verse Channel Guide ("U-verse Guide") accessible at http://U-verse.com/guide. Defendants directed the U-verse Guide at multiple cities in the United States, including in this judicial district.

**Jurisdiction and Venue**

5.     This action arises under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq*.

6.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.     This Court may exercise personal jurisdiction over Defendant because Defendant conducts continuous and systematic business in Maryland. For example, Defendant sells services to Defendant's customers in this District. Defendant maintains a regular and established place of business in this District. These patent infringement claims arise directly from Defendants' continuous and systematic activity in this District. Thus, this Court's exercise of jurisdiction over Defendants would be consistent with traditional notions of fair play and substantial justice.

8.     Defendants are subject to this Court's general and specific personal jurisdiction because they have sufficient minimum contacts within the State of Maryland and this District, pursuant to due process and/or the Maryland Long Arm Statute, because Defendants purposefully availed themselves of the privileges of conducting business in the State of Maryland and in this District, because they regularly conduct and solicit business within the State of Maryland and within this District, and because GIM's causes of action arise directly from Defendants' business contacts and other activities in the State of Maryland and this District.

9.     Venue is proper in this District pursuant to 28 U.S.C. § 1400(b).

**The Asserted Patents**

10.     GIM asserts U.S. Patent Nos. 7,574,721 (the "'721 Patent"), 8,032,907 (the "'907 Patent"), and 6,314,577 (the "'577 Patent") (collectively, the "Asserted Patents") in this action. The Asserted Patents each claim methods and/or systems of tracking broadcasts and providing program information on demand to customers who may wish to make purchasing decisions based on the program information. The inventions claimed in the Asserted Patents represent uses of technology that were neither well-understood nor routine or conventional as of the time of the inventions. Prior to the inventions claimed in the Asserted Patents, for example, consumers listening to a radio broadcast may have heard a song they liked and wished to purchase, but unless the station identified the song, the listeners had no ready way to obtain information about the song such as the title or artist. With the inventions claimed by the Asserted Patents, listeners not only are able to obtain that information, they are also able to purchase songs directly, an option that was not available to them until after the inventions of the Asserted Patents. The technology claimed in the Asserted Patents has become widespread to the point of ubiquity.

11.     Defendants directly and/or indirectly make, use, distribute, market, sell and/or offer to sell throughout the United States, including in this judicial district, products and/or services that infringe one or more claims of the Asserted Patents as described below. Defendants have infringed, literally or through the doctrine of equivalents, directly, jointly, or indirectly, contributorily and/or through the inducement of others, one or more claims of each of the Asserted Patents, by the above referenced acts.

**Count 1 – Infringement of U.S. Patent No. 7,574,721**

12.     GIM owns the '721 Patent (attached as Exhibit A).

13.     Defendants infringed at least claim 1 of the '721 patent by identifying television broadcast providers based in response to a user's submission of a geographic identifier such as a zip code as follows:

a.     Claim 1 recites "A method for identifying at least one broadcast provider through a combination of a geographic identification code and a broadcast identifier." (Ex. A at col. 17, ll. 44-46). During the relevant time period, Defendants' U-verse Guide identified local broadcast providers by zip code (a "geographic identification code") and station call letters (a "broadcast identifier").

b.     Claim 1 recites "digitally storing, in a database, one or more geographic identification codes that are each associated with at least one area or location in which a broadcast is receivable from at least one broadcast provider . . . ." (Ex. A at col. 17, ll. 47-50). During the relevant time period, Defendants U-verse Guide stored multiple zip codes that were each associated with the cities serviced by the website.

c.     Claim 1 further recites "digitally storing, in the database, one or more broadcast identifiers that are each associated with at least one broadcast provider ...." (Ex. A at col. 17, ll. 51-53). During the relevant time period, Defendants' U-verse Guide stored multiple station call letters that were each associated with a broadcast provider.

d.     Claim 1 further recites "receiving at least one user related geographic identification code ...." (Ex. A at col. 17, ll. 54-55). During the relevant time period, Defendants' U-verse Guide received zip codes inputted by users.

e.     Claim 1 further recites "receiving at least one user related broadcast identifier, wherein the received at least one user related broadcast identifier is not required to by itself identify a broadcast provider ...." (Ex. A at col. 17, ll. 56-59). During the relevant time period,

Defendants' U-verse Guide received a user related broadcast identifier when the user selects a category or "genre" of a television program for which she wished to identify a broadcast provider, such as "Kids," "Movies," "News," or "Sports."

    f. Claim 1 involves "determining, by a processor, a subset of data from the database using the received at least one user related geographic identification code, the subset of data comprising at least one of the stored one or more broadcast identifiers that are associated with at least one of the stored one or more geographic identification codes that corresponds to the received at least one user related geographic identification code[.]" (Ex. A at col. 17, ll. 60-67). Defendants' U-verse Guide determined by processor, using the user's ZIP code, a subset of data comprising stored broadcast identifiers (*e.g.*, Fox) associated with broadcast television programs broadcast by the broadcasters within the user's service area.

### Count 2 – Infringement of U.S. Patent No. 8,032,907

14. GIM owns United States Patent 8,032,907 (the "'907 patent") (attached as Exhibit A).

15. Defendants infringed at least one of the 90 methods and systems claimed in the '907 patent by providing the U-verse Guide.

16. For example, and for illustration of one of the 90 claims of the '907 patent that GIM alleges that the U-verse Guide infringed, the guide infringed claim 18 of the '907 patent as follows:

    a. Claim 18 claims a "method for providing recipients of a broadcast with automated information about program material, the method comprising: broadcasting program material in at least one broadcast[.]" (Ex. B at col. 19, ll. 13-16). At all times relevant to the instant lawsuit, the U-verse Guide provided information about program material that is broadcast by Defendants in Maryland, http://U-verse.com/guide.

b.      Claim 18 includes the step of "receiving one or more user inquiries from one or more recipients of said at least one broadcast, said one or more inquiries including broadcast identifier information . . . ." (Ex. B at col. 19, ll. 17-19). At all times relevant to the instant lawsuit, a user of the U-verse Guide could inquire regarding the programs being broadcast by Defendants. For example, a user may access the U-verse Guide and inquire about sports program material, for example, the show "Real Sports With Brian Gumbel," Episode "09" broadcast on HBO HD.

c.      The method of claim 18 involves "creating a program description file comprising program information related to program material to be broadcast in the future[.]" (Ex. B at col. 19, ll. 20-22). Defendants' U-verse Guide, prior to the broadcast of programs, created files describing the programs to be broadcast. For example, the user inquiring about the Real Sports With Brian Gumbel" would learn: "The new director of the NFL Players Association discusses upcoming contract talks . . . ."

d.      Next, claim 18 involves "communicating the program information into a programmed data processor[.]" (Ex. B at col. 19, ll. 23-24). A user of the U-verse Guide was able to learn the name and description of a program being broadcast, e.g., Episode "09" of Real Sports with Brian Gumbel, because Defendants had a programmed data processor into which the program description file was loaded.

e.      Claim 18 involves "synchronizing said communicated program information with said program material of said at least one broadcast[.]" (Ex. B at col. 19, ll. 25-26). Defendants' synchronized the program information with the broadcast of Episode "09" of "Real Sports with Brian Gumbel."

f.      Claim 18 involves "using said data programmed data processor to communicate, to the one or more recipients, program information that corresponds to the broadcast

identifier information included in said one or more inquiries, wherein at least one of the program description file, the program information, and the synchronized program information is associated with the broadcast identifier information." (Ex. B at col. 19, ll. 28-35). Defendants' U-verse Guide communicated the "Real Sports with Brian Gumbel" Episode "09" program information to the consumer.

### Count 3 – Infringement of U.S. Patent No. 6,314,577

17.     GIM owns United States Patent 6,314,577 (the "'577 patent") (attached as Exhibit B).

18.     Defendants infringed at least one of the 130 methods and systems claimed in the '577 patent by providing the U-verse Guide.

19.     For example, and for illustration of one of the 130 claims of the '577 patent that GIM alleges the U-verse Guide infringed, the guide infringed claim 94 of the '577 patent as follows:

a.      Claim 94 is a "method for providing listeners or viewers of a radio or television broadcast with automated information about program material, comprising the steps of: broadcasting at least one radio or television broadcast[.]" (Ex. C at col. 23, ll. 15-18). At all times relevant to the instant lawsuit, Defendants' U-verse Guide provided viewers of television programs with automated information about program broadcasted by Defendants

b.      Claim 94 involves "receiving user inquiries from a listener or viewer of said radio or television broadcast[.]" (Ex. C at col. 23, ll. 19-20). A user of Defendants' U-verse Guide could inquire regarding the programs being broadcast on, for example, the HBO-HD channel 800 at 12:30 pm.

c.      Claim 94 involves "creating a program description file[.]" (Ex. C at col. 23,

l. 21).  Defendants, prior to the broadcast of programs, created files describing the programs to be broadcast. For example, the user inquiring about the program broadcast by Defendants on HBO-HD channel 800 at 12:30 pm would learn that the program is Episode "09" of Real Sports With Brian Gumbel, in which: "The new director of the NFL Players Association discusses upcoming contract talks . . . ."

   d. The method of claim 94 involves "communicating program list information into a programmed data processor[.]" (Ex. C at col. 23, ll. 22-23). A user of the U-verse Guide was able to learn the name and description of a program being broadcast because Defendants had a programmed data processor into which the program description file was loaded.

   e. Claim 94 involves "correlating said program descriptions of program material with said program list information and generating information in a database responsive to only a broadcast identifier[.]" (Ex. C at col.  23, ll. 24-27). Defendants correlated the description of Episode "09" to the list of scheduled programs so that the description is correlated and responsive to the 12:30 pm identifier of Real Sports With Brian Gumbel "Episode 09" on HBO HD channel 800.

   f. Claim 94 involves "using said programmed data processor to communicate said program description file responsive to said user inquiry." (Ex. C at col. 23, ll. 28-30). Defendants' U-verse Guide uses the data processor to communicate the description of Episode "09" of "Real Sports With Brian Gumbel" to the user when the user accesses the service during the 12:30 pm broadcast to inquire about the program.

### Demand for Jury Trial

GIM demands a trial by jury on all matters and issues triable by jury.

## Prayer for Relief

WHEREFORE, GIM prays for the following relief against Defendant:

(a)     Judgment that Defendants have directly infringed claims of the Asserted Patents;

(b)     For a reasonable royalty;

(c)     For pre-judgment interest and post-judgment interest at the maximum rate allowed

by law; and

(d)     For such other and further relief as the Court may deem just and proper.


Dated:  October 27, 2020                    Respectfully Submitted,
                                            Thomas G. Southard  /s/
                                            Thomas G. Southard (#16861)
                                            Brian S. Seal (*pro hac vice* pending)
                                            **BUTZEL LONG, PC**
                                            1909 K. St., N.W., Suite 500
                                            Washington, D.C. 20006
                                            Tel: (202) 454-2800
                                            *Fax: (202) 454-2805*
                                            Email: southard@butzel.com

                                            *Attorneys for Global Interactive Media, Inc.*